**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION; WARNER BROS. ENTERTAINMENT INC.; TWENTIETH CENTURY FOX FILM CORPORATION; COLUMBIA PICTURES INDUSTRIES, INC.; UNIVERSAL CITY STUDIOS LLC; UNIVERSAL STUDIOS HOME ENTERTAINMENT LLC; and DISNEY ENTERPRISES, INC.; | CIVIL ACTION NO. 15-CV-5819 COMPLAINT |

Plaintiffs

v.

JOHN DOES, JANE DOES and/or XYZ CORPORATIONS d/b/a MOVIETUBE; and JOHN DOES, JANE DOES and/or XYZ CORPORATIONS 2-100.

Defendants.

Plaintiffs Paramount Pictures Corporation, Warner Bros. Entertainment Inc., Twentieth Century Fox Film Corporation, Columbia Pictures Industries, Inc., Universal City Studios LLC, Universal Studios Home Entertainment LLC, and Disney Enterprises, Inc. (collectively, "Plaintiffs") hereby file this Complaint for, *inter alia*, copyright infringement, trademark infringement and unfair competition/false designation of origin against defendants John Does, Jane Does and/or XYZ Corporations d/b/a MovieTube; and John Does, Jane Does and/or XYZ Corporations 2-100 (collectively, "Defendants"), on personal knowledge as to Plaintiffs' own activities and on information and belief as to the activities of others:

## **INTRODUCTION**

1.      Defendants—under the MovieTube name and logo—own, operate and promote a

ring of at least twenty-nine (29) websites (the "MovieTube Websites," listed below), whose purpose is to profit from the infringement of copyrighted works, including those of Plaintiffs.

2.     Plaintiffs own and/or control the copyrights and/or the relevant exclusive rights under United States copyright law ("Plaintiffs' Copyrights") in numerous motion pictures and/or television program works ("Plaintiffs' Works"). Defendants, through the MovieTube Websites, infringe Plaintiffs' exclusive rights to the public performance, distribution and public display of Plaintiffs' Works—including those newly released and still "in cinema"—by: streaming unauthorized copies ("Infringing Copies") of Plaintiffs' Works; allowing users, in some instances, to download Infringing Copies; and marketing the Infringing Copies by displaying for each Infringing Copy of a television program or motion picture, its title, principal cast and director, plot synopsis, IMDB rating, promotional posters or "key art" and/or a playable preview video.  Plaintiffs bring this action to protect their valuable copyrights and trademarks from Defendants' rampant infringement.

3.     Defendants profit from their misconduct by displaying advertisements adjacent to Infringing Copies that stream on the MovieTube Websites.

4.     Defendants openly admit that their actions constitute "piracy" and fill a demand for copyright infringing content, stating on one of their Facebook pages:

> ". . . many users in US asked me whether it is legal to watch movies on our site.  Since many movies we linked are pirated movies, we understand you may have this concern. . . . Our website linked those movies, so have partial responsibility called "Copyright Infringement" according US law.  ***Luckily we are not a US company so we do not need to respect US laws.***"

(emphasis added)

5.     Plaintiffs are presently unaware of Defendants' true names.  Defendants have hidden their identities by providing false publicly accessible WHOIS domain name registration information, in violation of ICANN (the Internet Corporation for Assigned Names and Numbers)

and registrar policies, and/or have concealed their identities by hiding behind "proxy" or "privacy" registration surrogates, for the domain names of the MovieTube Websites.

## NATURE OF THE CASE

6.     To halt Defendants' illegal activities, Plaintiffs bring this action for direct and secondary copyright infringement under the Copyright Act, 17 U.S.C. § 501, *et seq.*; trademark infringement arising under Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a); and unfair competition and false designation of origin arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

7.     Plaintiffs seek, *inter alia*: a preliminary injunction, including an order to disable the MovieTube Websites and for expedited document discovery; a permanent injunction; an award of actual or statutory damages; treble damages or profits; pre-judgment interest; attorneys' fees and costs; and/or any other relief the Court may deem proper, pursuant to 17 U.S.C. § 503, *et seq.* and 15 U.S.C. § 1117, *et seq.*

## THE PARTIES

8.     Plaintiff Paramount Pictures Corporation is a corporation organized and existing under the laws of Delaware, having its principal place of business at 5555 Melrose Avenue, Los Angeles, California 90038 ("Paramount").

9.     Plaintiff Warner Bros. Entertainment, Inc. is a corporation organized and existing under the laws of Delaware, having its principal place of business at 4000 Warner Boulevard, Burbank, California 91522 ("Warner Bros.").

10.     Plaintiff Twentieth Century Fox Film Corporation is a corporation organized and existing under the laws of Delaware, having its principal place of business at 10201 West Pico

Boulevard, Los Angeles, California 90035 ("Fox").

11.     Plaintiff Columbia Pictures Industries, Inc. is a corporation organized and existing under the laws of Delaware, having its principal place of business at 10202 West Washington Boulevard, Culver City, CA 90232 ("Columbia Pictures").

12.     Plaintiff Universal City Studios LLC is a limited liability company organized and existing under the laws of Delaware, having its principal place of business at 100 Universal City Plaza, Universal City, California 91608.

13.     Plaintiff Universal Studios Home Entertainment LLC is a limited liability company organized and existing under the laws of Delaware, having its principal place of business at 100 Universal City Plaza, Universal City, California 91608 (collectively with Universal City Studios LLC, "Universal").

14.     Plaintiff Disney Enterprises, Inc. is a corporation organized and existing under the laws of Delaware, having its principal place of business at 500 South Buena Vista Street, Burbank, California 91521 ("DEI").

15.     Defendants John Does, Jane Does and/or XYZ Corporations d/b/a MovieTube ("MovieTube Defendants" or "MovieTube") are one or more individuals, partnerships, corporations, organizations and/or unincorporated business associations whose legal or personal identities and true addresses are currently unknown, and which, at all relevant times herein, have been engaged in the unlawful distribution and public performance of Infringing Copies in this judicial district and throughout the United States.  MovieTube Defendants' email address is firestudio@ymail.com. MovieTube Defendants operate at least twenty-nine (29) MovieTube Websites at the following Internet domain names: MovieTube.tw, MovieTube.ph, TVStreaming.cc, MovieTube.sx, MovieTube.pw, MovieTubeNow.com, MovieTube.tf,

MovieTube.co, MovieOnDrive.com, MovieTube.vc, TuneVideo.net, MovieTube.mn,

MovieTube.cc, Watch33.tv, MovieTube.cz, Anime1.tv, MovieTube.pm, FunTube.co,

MovieTube.la, KissDrama.net, MovieTube.so, MovieTube.click, MovieTubeHD.co,

MovieTubeHD.net, MovieTubeHD.org, MovieTubeHD.tv, MovieTubeHD.us,

MovieTubenow.in and TuneMovie.me.

16.     MovieTube Defendants own and/or operate the MovieTube Websites in
conjunction with additional Defendants John and Jane Does and XYZ Corporations 2-100,
whose identities and numbers are not presently known.

17.     Plaintiffs will amend this Complaint when and if further information regarding
the identities of the Defendants becomes known.

## JURISDICTION AND VENUE

18.     The Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331,
1332 and 1338(a) and (b); and 15 U.S.C. §§ 1116 and 1121.

19.     Personal jurisdiction is proper over Defendants pursuant to New York C.P.L.R.
§§ 302(a)(1), (a)(3)(i) and/or (a)(3)(ii) because the unlawful conduct complained of herein has
caused, and continues to cause, injury to Plaintiffs within this District.  Defendants (i) regularly
conduct, solicit, and/or transact business in this District via their MovieTube Websites, and have
solicited consumers in this District; (ii) advertise, promote, market, publicly perform and
distribute Infringing Copies to consumers within this District; (iii) derive substantial revenue in
interstate and/or international commerce; and (iv) regularly and systematically direct electronic
activity into the State of New York through their fully interactive MovieTube Websites with the
intention, and for the purpose, of engaging in business within this District.

20.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because

Defendants are entities or individuals subject to personal jurisdiction in this District and because, under 28 U.S.C. § 1391(b)(2), a substantial part of the events giving rise to these claims arose and/or occurred in this District.

## BACKGROUND FACTS

21.     Plaintiffs, directly or through their affiliates, are among the leading motion picture and television studios in the world, and are responsible for developing, producing, distributing, exhibiting, performing or causing to be exhibited and performed, and licensing to others in the United States and throughout the world, the rights to distribute, exhibit and perform many of the world's most popular motion pictures and television programs.

22.     Each of these Plaintiffs owns or controls the copyrights and/or exclusive reproduction, publication and/or distribution rights to countless Plaintiffs' Works, some of which are infringed by Defendants, including for illustrative purposes those listed in **Exhibit A** hereto. The copyrights for the works listed in Exhibit A are registered with the United States Copyright Office or have been preregistered.

23.     Each of the Plaintiffs owns the entire right, title and interest in and to certain valid and subsisting trademarks, service marks, and/or design marks ("Plaintiffs' Marks"), many of which have become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, for use in connection with various types of goods and services, including the types of goods and services that are the subject of this Complaint.  An illustrative list of trademarks is contained in **Exhibit B** hereto.

### Defendants' Infringing Conduct

*A.  Operation of the MovieTube Websites*

24.     Defendants operate and control the MovieTube Websites under the brand name

MovieTube and the logo. The MovieTube Websites provide on-demand streaming performances of Infringing Copies of Plaintiffs' Works.

25.     Defendants, through the MovieTube Websites, aggregate, organize and provide embedded links to extensive libraries of Infringing Copies of Plaintiffs' Works.  Users of the MovieTube Websites can stream these Infringing Copies using (i) video player software supplied by and built into the MovieTube Websites; and/or (ii) embedded viewing windows of third-party video players.  Either way, users can watch Infringing Copies without leaving the MovieTube Websites.  The MovieTube Websites even allow users, in some instances, to download Infringing Copies by clicking on a selection from a menu built into the video player software supplied by Defendants.

26.     The MovieTube Websites are "closed" websites that do not allow users to make additions or changes to the websites or the content within them.  In other words, Defendants do not allow users to determine what content is or is not aggregated, organized, streamed or made available for viewing through embedded links on the MovieTube Websites.  All content streamed from the MovieTube Websites is selected, aggregated, organized, streamed and made available for viewing by the MovieTube Websites' operators—Defendants—only.

**B.  Defendants' Marketing of the MovieTube Websites**

27.     Defendants actively promote the availability of Infringing Copies of Plaintiffs' Works on the MovieTube Websites through social media platforms, including their Facebook account and Twitter feed.

28.     Defendants promote the Infringing Copies by creating user-friendly browsable categories and indexes, as well as search bars (for those who know what they want), on the MovieTube Websites (e.g., comedy, action, drama, etc.).  Additionally, each Infringing Copy is

7

given its own page (hereafter "Feature Page") on each MovieTube Website, where users can see the title, principal cast and director, plot synopsis, IMDB rating, promotional posters or "key art" and/or a playable preview video.

29.     Defendants generate revenues via display of digital advertisements throughout the MovieTube Websites.  These ads are served by one or more of these advertising service providers: AdCash, Propeller Ads Media, MGID and Matomy Media Group.

30.     To increase advertising revenues, Defendants drive visitor traffic to the MovieTube Websites through various methods.  For example, Defendants promote the MovieTube Websites by integrating links to social media platforms so users can "like," "share" and "tweet" about the MovieTube Websites and/or specific Infringing Copies available on the MovieTube Websites.  Additionally, each Feature Page (i.e., each page devoted to a single Infringing Copy on the MovieTube Website) includes embedded Facebook comments in which users can and often do discuss the Infringing Copy and its quality.

31.     Defendants also promote the MovieTube Websites through the use of meta-tags and keywords designed to maximize the MovieTube Websites' visibility and priority in search results from Internet search engines.  For example, the meta-tag for "description" in the source code of each MovieTube Website reads: "MovieTube is the No.1 site to watch newly released movies and tv series.  It has the largest movie database, fastest streaming speed, and it's 100% free!"  Defendants' promotion also includes the use of searchable keywords to describe Infringing Copies as "Newly Released," in "HD," "In Cinema," and/or "Newly Added" to draw users to the MovieTube Websites.

### C.  Inter-Related Network of Infringing Websites

32.     Defendants convey that the MovieTube Websites are under common ownership

and control through the use of the MovieTube name and             logo.  In addition, each of the

MovieTube Websites contains links to other MovieTube Websites and advises users to choose

other MovieTube Websites based on geography.  Tellingly, the United States is always the first

country listed.

33.     The common ownership and operation of the MovieTube Websites is also

apparent from the facts that: they often share common and/or strikingly similar WHOIS

registration information; they feature similar website design and layout; they use common meta-

tags in their source code; they are hosted on common IP addresses with common web hosting

service providers and domain name registrars; and much of the same inventory of television

program and motion picture content and related information—including posters, key art and

preview videos—is available across the various MovieTube Websites.

## COUNT ONE

## DIRECT COPYRIGHT INFRINGEMENT

34.     Plaintiffs repeat and reallege the allegations above as if fully set forth herein.

35.     Through their conduct as averred herein, Defendants have infringed Plaintiffs'

Copyrights by displaying, distributing and publicly performing copies of Plaintiffs' copyrighted

Works, without authorization, permission or consent from Plaintiffs, in violation of 17 U.S.C.

§§ 106 and 501.

36.     Each infringement by Defendants of Plaintiffs' copyrighted works constitutes a

separate and distinct act of infringement.

37.     Defendants' acts of infringement are willful, intentional and purposeful, in

disregard of and with indifference to Plaintiffs' rights.

38.     As a direct and proximate result of Defendants' infringement of Plaintiffs'

exclusive rights under copyright, Plaintiffs are entitled to damages and Defendants' profits

pursuant to 17 U.S.C. § 504(b), in amounts to be proven at trial, which are not currently

ascertainable.

39.     Alternatively, Plaintiffs are entitled to the maximum statutory damages in the

amount of $150,000 for each of Plaintiffs' copyrighted works that Defendants have infringed, or

for such other amounts as may be proper under 17 U.S.C. § 504(c).

40.     Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17

U.S.C. § 505.

41.     As a direct and proximate result of Defendants' acts and conduct, Plaintiffs have

sustained and will continue to sustain substantial, immediate and irreparable injury, for which

there is no adequate remedy at law.  Unless enjoined and restrained by this Court, Defendants

will continue to infringe Plaintiffs' exclusive rights in Plaintiffs' Copyrights. Plaintiffs are

entitled to preliminary and permanent injunctive relief.

## COUNT TWO

## SECONDARY INFRINGEMENT OF COPYRIGHT

42.     Plaintiffs repeat and reallege the allegations above as if fully set forth herein.

43.     By virtue of the availability of the Infringing Copies on the MovieTube Websites,

Plaintiffs' exclusive rights of reproduction, distribution, public performance, and public display

have been infringed in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

44.     Defendants materially contribute to the infringement of Plaintiffs' Works by,

among other means: (i) promoting within the MovieTube Websites the presence and availability

of Infringing Copies, including Infringing Copies of motion pictures still in theaters and

therefore not yet available to the public for home or personal entertainment, which Defendants

tout by using terms such as "In Cinema," "Newly Released," and/or "Newly Added"; (ii) promoting through Facebook, Twitter and other social media platforms the presence and availability on the MovieTube Websites of Infringing Copies, including through posters and key art that include Plaintiffs' Marks, titles and logos, many of which are well-known by the public to belong to Plaintiffs; (iii) promoting the MovieTube Websites through the use of meta-tags and keywords designed to maximize the MovieTube Websites' visibility and priority in Internet search engine results; and (iv) frequently updating their inventory of Infringing Copies to maintain copies of current well-known and widely popular motion pictures and television programs.

45.     Defendants have actual and constructive knowledge of this infringement of Plaintiffs' Works and cause and/or materially contribute to that infringement.  Defendants are well aware of the worldwide popularity and renown of Plaintiffs' brands, Plaintiffs' Marks and Plaintiffs' Works, and Defendants even openly admit the content on the MovieTube Websites constitutes "piracy" and fills a demand for copyright infringing content.

46.     Defendants have taken affirmative steps to foster infringement through the creation, organization and curation of the MovieTube Websites and their streaming—through video player software selected and supplied by Defendants or the embedding of third-party players—of Infringing Copies, with the object of promoting and causing unlawful public performances and/or reproductions of Plaintiffs' Works.

47.     Defendants are the sole operators of the MovieTube Websites.  They have designed and populated the sites and are entirely responsible for their contents.  The sites cannot be changed or reprogrammed or populated by anyone other than Defendants.

48.     Defendants derive a financial benefit directly attributable to the infringement of

11

Plaintiffs' Works.  Defendants' offer of popular, copyrighted works attracts vast numbers of users to the MovieTube Websites, and the heavy traffic on the MovieTube Websites in turn attracts advertisers, yielding increasing revenue.

49.    Defendants' acts of infringement are willful, intentional and purposeful, in disregard of and indifferent to Plaintiffs' exclusive rights.

50.    As a direct and proximate result of Defendants' infringement of Plaintiffs' exclusive rights under copyright, Plaintiffs are entitled to damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), in amounts to be proven at trial, which are not currently ascertainable.

51.    Alternatively, Plaintiffs are entitled to the maximum statutory damages in the amount of $150,000 for each of Plaintiffs' Works that Defendants have infringed, or for such other amounts as may be proper under 17 U.S.C. § 504(c).

52.    Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

53.    As a direct and proximate result of Defendants' acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law.  Unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiffs' exclusive rights in Plaintiffs' Works. Plaintiffs are entitled to preliminary and permanent injunctive relief.

**<u>COUNT THREE</u>**

**<u>FEDERAL TRADEMARK INFRINGEMENT</u>**
**<u>(15 U.S.C. § 1114)</u>**

54.    Plaintiffs repeat and reallege the allegations above as if fully set forth herein.

55.    Plaintiffs' Marks and the goodwill of the businesses associated with them in the

United States and throughout the world are of great and incalculable value.  The Marks are highly distinctive, and have become universally associated in the public mind with Plaintiffs' Works and Plaintiffs' related products and services.

56.     Without Plaintiffs' authorization or consent, and having knowledge of Plaintiffs' well-known and prior rights in Plaintiffs' Marks, Defendants have advertised, promoted, marketed, publicly performed and distributed Infringing Copies to consumers in the United States and throughout the world and profited from those activities by selling advertising space on the MovieTube Websites, in direct competition with Plaintiffs' distribution of genuine Plaintiffs' Works.

57.     Defendants' use of copies or simulations of Plaintiffs' Marks in conjunction with Defendants' MovieTube Websites and the attendant availability of Infringing Copies is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Infringing Copies, and such use is likely to and does deceive the public into believing the Infringing Copies originate from, are associated with or are otherwise authorized by Plaintiffs, all to the damage and detriment of Plaintiffs' reputation and goodwill.

58.     Plaintiffs have no adequate remedy at law, and if Defendants' activities are not enjoined, Plaintiffs will suffer and continue to suffer irreparable harm and injury to their respective goodwill and reputations.

59.     Defendants' acts demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' Marks to Plaintiffs' great and irreparable injury.

60.     Defendants are causing and are likely to cause substantial injury to the public and to Plaintiffs. Plaintiffs are entitled to injunctive relief and to recover Defendants' profits, treble damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT FOUR

## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

61.     Plaintiffs repeat and reallege the allegations above as if fully set forth herein.

62.     The Infringing Copies provided by Defendants are of the same nature and type as Plaintiffs' Works, and, as such, Defendants' use of Plaintiffs' Marks is likely to cause confusion to the general public.

63.     By misappropriating and using Plaintiffs' Marks and trade names, Defendants misrepresent and falsely describe to the general public the origin and source of the Infringing Copies and create a likelihood of confusion by consumers and others as to the source of such merchandise.

64.     Defendants' unlawful, unauthorized and unlicensed advertisement, promotion, marketing, public performance and distribution of Infringing Copies to consumers in the United States and throughout the world and its profit from those activities by selling advertising space on the MovieTube Websites creates express and implied misrepresentations that the Infringing Copies were created, authorized or approved by Plaintiffs, all to Defendants' profit and to Plaintiffs' great damage and injury.

65.     Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' use of Plaintiffs' Marks, in connection with Defendants' goods, in commerce, constitutes a false designation of origin and unfair competition.

66.     Plaintiffs have no adequate remedy at law, and if Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to their goodwill and reputation, and to the goodwill and reputation of Plaintiffs' Marks.

67.     Defendants' actions demonstrate an intentional, willful, and malicious intent to

trade on the goodwill associated with Plaintiffs' Marks.

68.     Defendants are causing and are likely to cause substantial injury to the public and to Plaintiffs, and Plaintiffs are entitled to injunctive relief and to recover Defendants' profits, treble damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.      That Defendants, their officers, agents, servants, employees, and any persons in active concert or participation with them be permanently enjoined and restrained from:

a. Hosting, linking to, distributing, reproducing, copying, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or otherwise exploiting or making any use of any Infringing Copy of any of Plaintiffs' Works or any portion(s) thereof in any form;

b. Taking any action that directly or indirectly enables, facilitates, permits, assists, solicits, encourages or induces any user or other third party (i) to copy, host, index, reproduce, download, stream, exhibit, distribute, communicate to the public, upload, link to, transmit, publicly perform, or otherwise use or exploit in any manner any of Plaintiffs' Works or portion(s) thereof; or (ii) to make available any of Plaintiffs' Works for copying, hosting, indexing, reproducing, downloading, streaming, exhibiting, distributing, communicating to the public, uploading, linking to, transmitting, publicly performing, or for any other use or means of exploitation;

c. Using Plaintiffs' Marks or any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Marks in connection with the distribution or advertising of any unauthorized copies of Plaintiffs' Works;

d. Committing any acts calculated to cause users to believe that the Infringing Copies are authorized copies distributed, sponsored by, approved by, connected with, guaranteed by, or distributed under the control and/or supervision of Plaintiffs;

e. Otherwise infringing Plaintiffs' Works, Plaintiffs' Marks, and/or damaging Plaintiffs' goodwill;

f. Transferring or performing any function that results in the transfer of the registration of the domain names of the MovieTube Websites to any other registrant or registrar; and

15

      g.   Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a)-(f).

2.      That Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiffs a written report under oath setting forth in detail the manner in which Defendants have complied with Paragraph 1 of this Prayer for Relief, *supra*.

3.      That Defendants' MovieTube Websites and/or the corresponding domain names, or any subset of these domain names specified by Plaintiffs, be disabled by the appropriate domain name registries, including but not limited to VeriSign, Inc., Neustar, Inc., Afilias Limited, Nominet UK, and Public Interest Registry, and/or the registrars holding or listing one or more of the domain names of the MovieTube Websites (the "Registries and/or Registrars").

4.      That the Registries and/or Registrars be required to transfer the domain names associated with Defendants' MovieTube Websites, or any subset of these domain names specified by Plaintiffs, to a registrar to be appointed by Plaintiffs to re-register the domain names in respective Plaintiffs' names and under Plaintiffs' respective ownership.

5.      That content delivery networks and domain name server systems be required to cease providing services to the MovieTube Websites and/or domains identified with the MovieTube Websites and disable any access to caches they maintain for the MovieTube Websites and destroy any caches they maintain for the MovieTube Websites.

6.      That third parties providing services used in connection with any of the MovieTube Websites and/or domain names for MovieTube Websites, including without limitation, web hosting providers, cloud services providers, digital advertising service providers, search-based online advertising services (such as through paid inclusion, paid search results, sponsored search results, sponsored links, and Internet keyword advertising), domain name

registration privacy protection services, providers of social media services (*e.g.*, Facebook and Twitter), and user generated and online content services (*e.g.*, YouTube, Flickr and Tumblr) be required to cease or disable providing such services to (i) Defendants in relation to Infringing Copies or infringement of Plaintiffs' Marks; and/or (ii) any and all of the MovieTube Websites.

7.     That the transfer of Defendants' assets arising from or related to the MovieTube Websites and/or infringement of Plaintiffs' Works and Plaintiffs' Marks be restricted as ordered by the Court.

8.     That Plaintiffs be awarded their damages as well as profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of Plaintiffs' Marks be increased by a sum not exceeding three times the amount thereof as provided by law.

9.     In the alternative to actual damages and profits, that Plaintiffs be awarded statutory damages in the amount of $150,000 for each of Plaintiffs' Works that Defendants have infringed or for such other amounts as may be proper pursuant to 17 U.S.C. § 504(c), and maximum statutory damages of $2,000,000 for each of Plaintiffs' Marks infringed by each Defendant.

10.     That Plaintiffs be awarded their costs and reasonable attorneys' fees incurred in this action.

11.     That Plaintiffs be awarded pre-judgment interest on their judgment.

12.     That Plaintiffs have such other and further relief as the Court may deem equitable, proper and just.

Dated: July 24, 2015

Respectfully submitted,

By:  _/s/ G. Roxanne Elings_____

DAVIS WRIGHT TREMAINE LLP
G. Roxanne Elings
(RoxanneElings@dwt.com)
George P. Wukoson
(GeorgeWukoson@dwt.com)
1633 Broadway, 27th Floor
New York, New York 10019
Telephone: (212) 489-8230
Facsimile: (212) 489-8340

James D. Nguyen (*Pro Hac Vice Pending)*
(jimmynguyen@dwt.com)
865 S. Figueroa Street, Suite 2400
Los Angeles, California 90017
Telephone: (213) 633-6800
Facsimile: (213) 633-6899

MOTION PICTURE ASSOCIATION OF
AMERICA, INC.
Karen R. Thorland (*Pro Hac Vice Pending*)
(karen_thorland@mpaa.org)
15301 Ventura Blvd.
Building E
Sherman Oaks, CA 91403
Telephone: (818) 935-5812

*Attorneys for Plaintiffs*