**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| PARAMOUNT PICTURES CORPORATION; WARNER BROS. ENTERTAINMENT INC.; TWENTIETH CENTURY FOX FILM CORPORATION; COLUMBIA PICTURES INDUSTRIES, INC.; UNIVERSAL CITY STUDIOS LLC; UNIVERSAL STUDIOS HOME ENTERTAINMENT LLC; and DISNEY ENTERPRISES, INC., <br><br>                    Plaintiffs, <br><br>       v. <br><br> JOHN DOES, JANE DOES, and/or XYZ CORPORATIONS d/b/a MOVIETUBE; and JOHN DOES, JANE DOES, and/or XYZ CORPORATIONS 2-100, <br><br>                    Defendants. | CIVIL ACTION NO. 15-CV-5819 (PAC) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' *EX PARTE* APPLICATION FOR AN ORDER GRANTING LEAVE TO SERVE PROCESS BY EMAIL**

Plaintiffs submit this Memorandum of Law in support of their *Ex Parte* Application for Leave to Serve Process by Email on Defendants.  Defendants do business entirely over the Internet and take steps to conceal their identities, including but not limited to, providing false WHOIS registration information for the domain names of their websites, using private and proxy domain name registration services to conceal the ownership of domain names of their websites and failing to list any physical contact information on those websites.  Despite this concealment, Plaintiffs have communicated with Defendants using an email address associated with Defendants' websites.  The Court should therefore authorize service of process on Defendants by email.

## FACTUAL BACKGROUND

Plaintiffs are among the leading motion picture and/or television studios responsible for the creation and distribution of some of the world's most popular motion picture and television entertainment.[1]  Plaintiffs own and/or control the copyrights and/or the relevant exclusive rights under United States copyright law ("Plaintiffs' Copyrights") in numerous motion pictures and/or television program works ("Plaintiffs' Works").[2]  Plaintiffs are also the proprietors of some of the most well-known and well-regarded brands in the world including, but not limited to, PARAMOUNT®, WARNER BROS®, TWENTIETH CENTURY-FOX®, COLUMBIA PICTURES®, UNIVERSAL®, and WALT DISNEY® (collectively with other related word and

---

[1] Declaration of Kevin Suh, dated July 23, 2015 ("Suh Decl.") ¶ 3; Declaration of David Phillip Kaplan, dated July 14, 2015 ("Kaplan Decl.") ¶ 4; Declaration of Daniel Kim, dated July 16, 2015 ("Kim Decl.") ¶ 3; Declaration of Michael Stanton, dated July 16, 2015 ("Stanton Decl.") ¶ 4; Declaration of Karen Garver, dated July 21, 2015 ("Garver Decl.") ¶ 4; Declaration of Marsha L. Reed, dated July 15, 2015 ("Reed Decl.") ¶ 3.
[2] Suh Decl. ¶ 4, Ex. A; Kaplan Decl. ¶ 5, Ex. A; Kim Decl. ¶ 4, Ex. A; Stanton Decl. ¶ 5, Ex. A; Garver Decl. ¶ 5, Ex. A; Reed Decl. ¶ 4, Ex. A.

DWT 27024154v4 0067328-000013

design marks, "Plaintiffs' Marks"), which have long been used by Plaintiffs in conjunction with the distribution of Plaintiffs' Works.[3]

Defendants own and operate a ring of at least twenty-nine (29) interconnected video-on-demand websites (the "MovieTube Websites"). Through the MovieTube Websites, Defendants stream infringing copies of Plaintiffs' Works.[4]  Users of the MovieTube Websites can stream these Infringing Copies using (i) video player software supplied by and built into the MovieTube Websites; and/or (ii) frames of third-party video players.[5]  Defendants generate revenues through the display of digital advertisements served by advertising service providers AdCash, Propeller Ads Media, MGID and Matomy Media Group.[6]  To increase advertising revenues, Defendants drive visitor traffic to the MovieTube Websites through various promotional activities.[7]

Defendants are aware that their activities are illegal, and they admit this illegality on their Facebook page, taking the position they are beyond US law ("Luckily we are not a US company so we do not need to respect US laws.").[8]

The MovieTube Websites appear to be operated by Defendants from Singapore and are located at the following domains: MovieTube.tw, MovieTube.ph, TVStreaming.cc, MovieTube.sx, MovieTube.pw, MovieTubenow.com, MovieTube.tf, MovieTube.co, MovieOnDrive.com, MovieTube.vc, TuneVideo.net, MovieTube.mn, MovieTube.cc, Watch33.tv, MovieTube.cz, Anime1.tv, MovieTube.pm, FunTube.co, MovieTube.la, KissDrama.net, MovieTube.so, MovieTube.click, MovieTubeHD.co, MovieTubeHD.net, MovieTubeHD.org, MovieTubeHD.tv, MovieTubeHD.us, MovieTubenow.in and

---

[3] Suh Decl. ¶¶ 6-8, Ex. B; Kaplan Decl. ¶¶ 7-9, Ex. B; Kim Decl. ¶¶ 5-7, Ex. B; Stanton Decl. ¶¶ 7-9, Ex. B; Garver Decl. ¶¶ 7-9, Ex. B; Reed Decl. ¶¶ 6-8, Ex. B. Plaintiffs' Marks are the subject of numerous valid and subsisting United States registrations, many of which have become incontestable. *Id.*
[4] Declaration of Farnaz M. Alemi, dated May 21, 2015 ("Alemi Decl."), ¶ 6.
[5] *Id.* ¶¶ 8-9.
[6] *Id.* ¶ 18, Ex. A.
[7] *Id.* ¶¶ 18-21, Exs. C-D.
[8] *Id.*

TuneMovie.me.[9]  Defendants claim common ownership of the MovieTube Websites through the

use of the MovieTube brand name and [logo] logo.[10]  For example, the meta-tag for "description"

in the source code of each MovieTube Website reads: "MovieTube is the No.1 site to watch

newly released movies and TV series. It has the largest movie database, fastest streaming speed,

and it's 100% free!"[11]  In addition, on each of the MovieTube Websites, Defendants link to other

MovieTube Websites and advise users to choose other MovieTube Websites, directing users to

choose a MovieTube Website purportedly hosted in a country near to the user's location.

Tellingly, the United States is always the first country listed.[12]

Defendants' common ownership and control of the MovieTube Websites is also

evidenced by: identical and similar WHOIS domain registration information for the domain

names of the websites; common design and layout; common meta-tags in source code; a

common unique identification number with an advertising service provider used by the

MovieTube Websites; and common linking to a MovieTube App page.[13]

The MovieTube Websites are devoid of any identifiable names or real addresses, and

Defendants communicate with potential users through Defendants' social media accounts or

email, without revealing their true identities.[14]  The Internet Corporation for Assigned Names

and Numbers ("ICANN"), the body that governs domain names, has adopted the Uniform

Domain Name Dispute Resolution Policy (the "ICANN Policy"), which requires each registrant

of a domain name to provide complete and accurate information to identify the registrant.

Despite the ICANN Policy, Defendants' WHOIS domain name registrant names and addresses

---

[9] *Id.* ¶¶ 7, 27, Ex. G.
[10] *Id.* ¶ 23.
[11] *Id.* ¶ 21, Ex D.
[12] *Id.* ¶ 23.
[13] *Id.* ¶ 24.
[14] *Id.* ¶ 25.

3

are incomplete or false, containing, for example, nonexistent street addresses or names of a large region instead of a specific street address.[15]  In other instances, Defendants' listed names and addresses are concealed by Defendants' use of a privacy protection service.[16]  Plaintiffs have sought to verify the names and addresses in Defendants' domain name registrations but have been unable to do so even after visiting the purported addresses overseas.[17]  Due to Defendants' deception and concealment, Plaintiffs are currently unaware of Defendants' true identities and locations.[18]

Nonetheless, Plaintiffs have identified a unique email address used by Defendants in conjunction with their MovieTube Websites: firestudio@ymail.com, the WHOIS registrant email address used to register all of the domain names of the MovieTube Websites other than the one that was registered through a private registration proxy service.[19]  Plaintiffs have communicated with Defendants through the firestudio@ymail.com email address.[20]

## ARGUMENT

### SERVICE OF PROCESS BY EMAIL IS WARRANTED IN THIS CASE

Service of process must comport with the Federal Rules of Civil Procedure and due process. *See Phillip Morris USA Inc. v. Veles Ltd.,* 2007 U.S. Dist. LEXIS 19780, at *5 (S.D.N.Y. Mar. 12, 2007); *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").  Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process on an individual in a foreign country by any means not prohibited by international agreement.  *See Phillip* Morris, 2007 U.S. Dist. LEXIS

---

[15] *Id.* ¶¶ 26-27, Exs. F-G.
[16] *Id.* ¶ 27, Ex. G.
[17] *Id.* ¶ 27.
[18] *Id.* ¶ 28.
[19] *Id.* ¶ 29.
[20] *Id.*

4

19780, at *8.  Singapore (where Defendants appear to be located) is not a signatory to the Hague

Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or

Commercial Matters[21] or apparently any other international agreement barring service of process

by email.  In similar cases where a defendant was located in a country not party to the Hague

Service Convention or any other international barring such agreements, courts have allowed

service of process by email on defendants outside the United States.  *See, e.g.*, *Rio Properties,*

*Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) ("A federal court would be

prohibited from issuing a Rule 4(f)(3) order in contravention of an international agreement,

including the Hague Convention referenced in Rule 4(f)(1).  The parties agree, however, that the

Hague Convention does not apply in this case because Costa Rica is not a signatory."); *ADT Sec.*

*Sers., Inc. v. Sec. One Int'l, Inc.*, No. 11-CV-5149, 2012 WL 3580670, at * 2 (ADT also has

demonstrated that service via email is not prohibited by an international agreement.  The

Defendants are located in the Philippines. The Philippines is not a signatory to the Hague

[Service Convention]."); *Liberty Media Holdings, LLC v. Vinigay.com*, No. CV-11-0280, 2011

WL 810250, at *4 (D. Ariz. Mar. 3, 2011) (ordering email service against defendant in Brazil

and noting, "Brazil is not a party to the Hague [Service] Convention.").  One such court noted

that decisions beginning with the Ninth Circuit's decision in *Rio Properties, Inc. v. Rio*

*International Interlink* "support the proposition that service by email is not generally prohibited

by international agreement."  *Liberty Media Holdings*, 2011 WL 810250, at *4.

      Due process requires that any service of notice be "reasonably calculated, under all

circumstances, to apprise interested parties of the pendency of the action and afford them an

---

[21] Singapore, http://www.hcch.net/index_en.php?act=states.details&sid=128 (showing Singapore is not bound by or a signatory of the Hague Service Convention); Status Table, 14: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (both attached as Exhibit A to the Declaration of George P. Wukoson, dated July 14, 2015).

opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Here, email service is the most reliable way of putting Defendants on notice of this action and thus ensure due process. The Ninth Circuit's decision in *Rio Properties* is instructive on this score. There the court held "not only that service of process by email was proper—that is, reasonably calculated to apprise [defendant] of the pendency of the action and afford it an opportunity to respond—but . . . it was the method of service most likely to reach" the defendant, which—like Defendants here—"structured its business such that it could be contacted only via its email address" by "list[ing] no easily discoverable street address in the United States or in Costa Rica." *Id.* at 1017-18; *see also Facebook Inc. v. Banana Ads, LLC*, 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012) ("[S]ervice by email appears to be not only reasonably calculated to provide actual notice to the Foreign Defendants but the method most likely to apprise the Foreign Defendants of the action."); *Phillip Morris*, 2007 U.S. Dist. LEXIS 19780, at *8-9 (finding same).

In this case, Plaintiffs have identified a unique email address listed in the WHOIS registration database for Defendants' MovieTube Websites and demonstrably used by Defendants to communicate with users: firestudio@ymail.com.[22] Plaintiffs have communicated with Defendants through this email address as well.[23]

In an abundance of caution, Plaintiffs' counsel proposes to use an online service, RPost (www.rpost.com), that provides valid proof of authorship, content (email body and attachments), delivery and official time sent and received.[24] Thus, Plaintiffs will be able to provide digital confirmation of delivery when Defendants receive email service.

---

[22] Alemi Decl. ¶ 29.
[23] *Id.*
[24] Wukoson Decl. Ex. B.

It serves the interests of justice and the principles of fairness to allow for service in this manner.  Accordingly, there is good cause for the Court to grant Plaintiffs leave to serve Defendants with the Summons and Complaint, along with the other papers filed by Plaintiffs in this action via Defendants' business email address.

## **<u>CONCLUSION</u>**

The Court should grant Plaintiffs' *Ex Parte* Application for Leave to Serve Process by Email on Defendants at their unique email address firestudio@ymail.com.

Dated: July 24, 2015

Respectfully submitted,

By:  */s/ G. Roxanne Elings*

DAVIS WRIGHT TREMAINE LLP
G. Roxanne Elings
(RoxanneElings@dwt.com)
George P. Wukoson
(GeorgeWukoson@dwt.com)
1633 Broadway, 27th Floor
New York, New York 10019
Telephone: (212) 489-8230
Facsimile: (212) 489-8340

James D. Nguyen (*Pro Hac Vice Pending*)
(jimmynguyen@dwt.com)
865 S. Figueroa Street, Suite 2400
Los Angeles, California 90017
Telephone: (213) 633-6800
Facsimile: (213) 633-6899

MOTION PICTURE ASSOCIATION OF AMERICA, INC.
Karen R. Thorland (*Pro Hac Vice Pending*)
(karen_thorland@mpaa.org)
15301 Ventura Blvd.
Building E
Sherman Oaks, CA 91403
Telephone: (818) 935-5812

*Attorneys for Plaintiffs*

DWT 27024154v4 0067328-000013