UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION; WARNER BROS. ENTERTAINMENT INC.; TWENTIETH CENTURY FOX FILM CORPORATION; COLUMBIA PICTURES INDUSTRIES, INC.; UNIVERSAL CITY STUDIOS LLC; UNIVERSAL STUDIOS HOME ENTERTAINMENT LLC; and DISNEY ENTERPRISES, INC., <br><br>　　　　　　　　　　Plaintiffs,<br>　　v.<br><br>JOHN DOES, JANE DOES and/or XYZ CORPORATIONS d/b/a MOVIETUBE; and JOHN DOES, JANE DOES and/or XYZ CORPORATIONS 2-100,<br><br>　　　　　　　　　　Defendants. | CIVIL ACTION NO. 15-CV-5819 (PAC)<br><br>DECLARATION OF DAVID PHILLIP KAPLAN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION |

David Phillip Kaplan declares and says:

　　1.　　I am the Senior Vice President and Intellectual Property Counsel for Warner Bros. Entertainment Inc. ("WBEI"), one of the Plaintiffs in this action. I have been employed by WBEI for over 18 years and have been in my current position for seven years.

　　2.　　I submit this declaration in support of WBEI's motion for preliminary injunction. The statements made in this declaration are based on my personal knowledge or based upon my review of relevant business records of Plaintiffs. If called upon to testify, I could and would competently testify thereto.

　　3.　　One of my responsibilities is to oversee the protection and enforcement of WBEI's intellectual property rights in WBEI's motion pictures and television programs,

including through antipiracy programs directed toward what is increasingly the focus of infringers in the digital age—the Internet.

## THE WBEI BUSINESS, COPYRIGHTS AND TRADEMARKS

4. WBEI is a well-known entertainment company engaged in, *inter alia*, feature-length motion picture and television production and distribution, including, the distribution of its motion pictures and television programs (the "WBEI Works") through digital streaming services, cable and satellite television providers and pre-recorded DVDs and Blu-ray discs (and box sets thereof). WBEI Works are distributed through a worldwide network of authorized licensees, distributors and retailers, including online retailers.

5. WBEI owns or controls—either by itself or jointly with others—the copyrights and/or the relevant exclusive rights under United States copyright laws in the WBEI Works, including for illustrative purposes those listed in **Exhibit A** hereto (the "WBEI Copyrights"). WBEI has on its own, or through its affiliates, obtained Certificates of Copyright Registration from the United States Register of Copyrights for its works.

6. WBEI, either on its own and/or in conjunction with its affiliates, controls the exclusive rights in the United States to, among other things, reproduce, display, publicly perform, distribute and/or exploit numerous motion picture and television program works, including the works that are the subject of the representative WBEI Copyrights set forth in Exhibit A, including by means of distributing the WBEI Works through the Internet.

7. WBEI is the owner of the entire right, title and interest in and to, *inter alia*, the valid and subsisting WARNER BROS trademarks and service marks, as well as the design marks depicted below, which are more fully described in **Exhibit B** hereto (the "WBEI Marks"):

2

  

8. Certain of the WBEI Marks have become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

9. WBEI, its predecessors-in-interest, associated companies and authorized licensees have used one or more of the WBEI Marks since at least as early as 1939.

10. The WBEI Marks have been widely promoted, both in the United States and throughout the world, resulting in significant distribution of WBEI Works. As such, the WBEI Marks have acquired secondary meaning and have been and are now recognized by the trade and public as belonging to WBEI exclusively.

11. WBEI spends substantial sums in advertising and promoting WBEI Works and the WBEI Marks and enjoys significant unsolicited media exposure for its WBEI Works and WBEI Marks. As a result, WBEI enjoys substantial revenues from sales of WBEI Works worldwide, including in the United States. As such, the WBEI Marks have acquired secondary meaning not only within the United States but throughout the world.

**DEFENDANTS' DISTRIBUTION OF INFRINGING COPIES**

12. WBEI expends considerable efforts to combat the infringement of WBEI's copyrights and trademarks. As part of these efforts, the Motion Picture Association of America, Inc. ("MPAA")—on behalf of WBEI and the other Plaintiffs in this action—investigated Defendants' business in connection with their websites located at the following Uniform Resource Locators (URLs): MovieTube.tw, MovieTube.ph, TVStreaming.cc, MovieTube.sx,

  

8. Certain of the WBEI Marks have become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

9. WBEI, its predecessors-in-interest, associated companies and authorized licensees have used one or more of the WBEI Marks since at least as early as 1939.

10. The WBEI Marks have been widely promoted, both in the United States and throughout the world, resulting in significant distribution of WBEI Works. As such, the WBEI Marks have acquired secondary meaning and have been and are now recognized by the trade and public as belonging to WBEI exclusively.

11. WBEI spends substantial sums in advertising and promoting WBEI Works and the WBEI Marks and enjoys significant unsolicited media exposure for its WBEI Works and WBEI Marks. As a result, WBEI enjoys substantial revenues from sales of WBEI Works worldwide, including in the United States. As such, the WBEI Marks have acquired secondary meaning not only within the United States but throughout the world.

**DEFENDANTS' DISTRIBUTION OF INFRINGING COPIES**

12. WBEI expends considerable efforts to combat the infringement of WBEI's copyrights and trademarks. As part of these efforts, the Motion Picture Association of America, Inc. ("MPAA")—on behalf of WBEI and the other Plaintiffs in this action—investigated Defendants' business in connection with their websites located at the following Uniform Resource Locators (URLs): MovieTube.tw, MovieTube.ph, TVStreaming.cc, MovieTube.sx,

DWT 26646563v4 0067328-000013

MovieTube.pw, MovieTubenow.com, MovieTube.tf, MovieTube.co, MovieOnDrive.com, MovieTube.vc, TuneVideo.net, MovieTube.mn, MovieTube.cc, Watch33.tv, MovieTube.cz, Anime1.tv, MovieTube.pm, FunTube.co, MovieTube.la, KissDrama.net, MovieTube.so, MovieTube.click, MovieTubeHD.co, MovieTubeHD.net, MovieTubeHD.org, MovieTubeHD.tv, MovieTubeHD.us, MovieTubenow.in and TuneMovie.me (the "MovieTube Websites").

13. I understand that MPAA personnel, investigating on behalf of WBEI and the other Plaintiffs, determined that Defendants, using the MovieTube Websites, were and/or are (a) reproducing, displaying, distributing and/or publicly performing unauthorized copies of WBEI's Works (the "Infringing Copies"), including the WBEI Works listed in Exhibit A; and (b) using marks that are identical to or substantially indistinguishable from WBEI Marks, including those WBEI Marks listed in Exhibit B.

14. Defendants have not received a license, authorization, permission or consent to reproduce, distribute or publicly perform any of WBEI Works. Defendants are not authorized to use any of the WBEI Marks.

**IRREPARABLE HARM**

15. The online availability of the Infringing Copies has unlawfully appropriated WBEI's important rights of public performance and distribution, causing grave and irreparable harm to Plaintiffs.

16. Based on Plaintiffs' investigation, I understand that: (a) Defendants' MovieTube Websites are vast in scope; (b) in a recent single month, the MovieTube Websites attracted over 81 million visits worldwide, including almost 61 million visits from the United States alone; and (c) the MovieTube Websites include some Infringing Copies as "Newly Released," in "HD," "In Cinema," or "Newly Added."

17. The scope and reach of Defendants' MovieTube Websites renders WBEI exposed to continuing infringement on a scale that cannot be remedied through damages.

18. Some individuals who view the Infringing Copies on the Internet will not pay to see the WBEI Works in theaters, or purchase or rent copies that are released to the home entertainment market. While WBEI will likely never know the true monetary damage they will suffer from Defendants' distribution of the Infringing Copies, it is likely to be significant but not fully calculable and not recoverable from Defendants who operate from outside the United States.

19. Online infringements of the WBEI Works, such as those by Defendants, also have the potential to impact WBEI's business relationships with theater owners and licensees for home entertainment and other means of distribution of the WBEI Works—all of whom rely on WBEI's ability to control the distribution pattern of the WBEI Works, in order to protect their own respective ability to earn revenue from the Motion Pictures.

20. I understand from MPAA personnel, investigating on behalf of WBEI and the other Plaintiffs, that Defendants' Infringing Copies bearing marks that are identical to or substantially indistinguishable from WBEI Marks are in some cases of poor quality or lesser quality than genuine copies of WBEI Works. It is likely that some viewers of the Infringing Copies will mistakenly attribute to WBEI any defects or negative impressions they have of these poor or lesser quality copies, placing WBEI's reputation and goodwill at risk.

21. Without the relief requested in this action, Defendants' illegal activities will continue unabated and WBEI will continue to suffer irreparable harm that any future damages awards could never mitigate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 14th, 2015
Burbank, California

David Phillip Kaplan