UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION; WARNER BROS. ENTERTAINMENT INC.; TWENTIETH CENTURY FOX FILM CORPORATION; COLUMBIA PICTURES INDUSTRIES, INC.; UNIVERSAL CITY STUDIOS LLC; UNIVERSAL STUDIOS HOME ENTERTAINMENT LLC; and DISNEY ENTERPRISES, INC., <br><br>               Plaintiffs, <br><br>     v. <br><br> JOHN DOES, JANE DOES and/or XYZ CORPORATIONS d/b/a MOVIETUBE; and JOHN DOES, JANE DOES and/or XYZ CORPORATIONS 2-100, <br><br>               Defendants. | Case No. 1:15-cv-05819-PAC |

**MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE* IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Google Inc., Facebook, Inc., Tumblr, Inc., Twitter, Inc., and Yahoo!, Inc. (collectively, "*Amici*") respectfully seek leave from the Court to file the attached brief as *amici curiae* in opposition to Plaintiffs' Motion for Preliminary Injunction. In support of their request, *amici* state as follows:

1.     *Amici* are leading technology companies that provide online services to billions of people. They have a special interest in this case because their services (Facebook, Twitter, Flickr, YouTube, and Tumblr) are specifically identified as nonparties whom Plaintiffs attempt to bind in their proposed preliminary injunction. *See* Order to Show Cause, Dkt. 12, ¶ 4.

2.     **Google Inc.** ("Google") is a leading Internet search engine and provides a wide range of other products and services—including email through its Gmail service, a blogging platform through Blogger, and social-networking tools—that empower people around the world to create, find, organize, and share information. Plaintiffs identify Google's online video service, YouTube, as a "user generated and online content service" that they seek to bind via the preliminary injunction.

3.     **Facebook, Inc.** ("Facebook") is one of the world's leading providers of online networking services, and is one of the top five most-trafficked websites in the world. Facebook provides a free Internet-based service that enables more than 1.4 billion users to connect with their friends and family, to discover what is going on in the world around them, and to share and publish the opinions, ideas, photos, and activities that matter to them and the people they care about. Plaintiffs identify Facebook as a "social media service" that would be subject to the proposed injunction.

4.     **Tumblr, Inc.** ("Tumblr") provides a platform for users to share their artwork, writing, photos, audio, and video with a worldwide audience. Tumblr is home to over 248 million blogs and 117 billion posts. Plaintiffs identify Tumblr as a "user generated and online content service" that would be bound by the injunction.

5.     **Twitter, Inc.** ("Twitter") is a global platform for public self-expression and conversation. Twitter has more than 316 million monthly active users who share approximately half a billion Tweets each day. Plaintiffs identify Twitter as a "social media service" that would be covered by the proposed injunction.

6.     **Yahoo!, Inc.** ("Yahoo") is a global company operating one of the most trafficked Internet destinations in the world. Yahoo is focused on making the world's daily habits inspiring and entertaining—whether searching the web, emailing friends, sharing photos with family, or simply checking the weather, sports scores, or stock quotes. Plaintiffs identify Yahoo's photo-sharing service, Flickr, as a "user generated and online content service" under the proposed injunction.

7. In this case, Plaintiffs seek an injunction that purports to bind *amici* and any and all third-party Internet companies "providing services used in connection with Defendants' operations," and require them to "cease providing services to the MovieTube Websites and Defendants[.]" None of those service providers are party to this case, and none of them are accused of violating any law.

8. If granted in the form that Plaintiffs have proposed, this injunction would have significant consequences for *amici*. The attached *amicus* brief explains that Plaintiffs' request to enjoin nonparty online service providers violates Federal Rule of Civil Procedure 65, is barred by the "safe harbor" provisions of the Digital Millennium Copyright Act, and is not authorized by the All Writs Act.

9. An *amicus* brief "should normally be allowed" in instances "when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, No. 11 Civ. 6746 (RJH), 2011 U.S. Dist. LEXIS 135391, at *6 (S.D.N.Y. Nov. 22, 2011) (quoting *Citizens Against Casino Gambling in Erie Cty. v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007)); *see also, e.g.*, *Onondaga Indian Nation v. N.Y.*, No. 97-CV-445, 1997 U.S. Dist. LEXIS 9168, at *8 (N.D.N.Y. June 24, 1997) (granting leave to file *amicus* brief that would help "insure a complete and plenary presentation of potentially difficult issues so that the court may reach a proper decision") (internal marks and citation omitted).

10. This standard is met here. Because no online service provider or other intermediary is a party to this case, *amici* have a perspective very different from the parties. In the absence of an *amicus* submission, the views of nonparty service providers would not be heard by the Court, even though Plaintiffs are seeking an order that would impose direct legal obligations on *amici* and other such providers, forcing them to act on pain of contempt.

11.     *Amici* have a compelling interest in ensuring the rules limiting injunctions against online services are scrupulously followed, particularly in cases where those services are not parties. Allowing them to participate in this case as *amici curiae* would directly further that interest and assist the Court by bringing to its attention legal issues and policy considerations that might otherwise go overlooked.

12.     Plaintiffs have consented to the filing of this brief. Because no counsel for the Defendants has appeared in this case, *amici* have not been able to seek their consent.

For these reasons, *amici* respectfully request that the Court accept and consider the attached *amicus* brief.

Dated:  August 10, 2015                         Respectfully submitted,

s/ *Brian M. Willen*
BRIAN M. WILLEN
JASON B. MOLLICK
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Phone: (212) 999-5800
Fax: (212) 999-5899
Email: bwillen@wsgr.com
Email: jmollick@wsgr.com

*Counsel for Amici Curiae*