UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION; WARNER BROS. ENTERTAINMENT INC.; TWENTIETH CENTURY FOX FILM CORPORATION; COLUMBIA PICTURES INDUSTRIES, INC.; UNIVERSAL CITY STUDIOS LLC; UNIVERSAL STUDIOS HOME ENTERTAINMENT LLC; and DISNEY ENTERPRISES, INC., <br><br> Plaintiffs, <br> v. <br><br> JOHN DOES, JANE DOES and/or XYZ CORPORATIONS d/b/a MOVIETUBE; and JOHN DOES, JANE DOES and/or XYZ CORPORATIONS 2-100, <br><br> Defendants. | CIVIL ACTION NO. 15-CV-5819 <br><br> [PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER <br><br> USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC #: _____ <br> DATE FILED: _11-24-15_ |

Plaintiffs Paramount Pictures Corporation, Warner Bros. Entertainment Inc., Twentieth Century Fox Film Corporation, Columbia Pictures Industries, Inc., Universal City Studios LLC, Universal Studios Home Entertainment LLC, and Disney Enterprises, Inc. (collectively, "Plaintiffs"), having filed a complaint (the "Complaint") against John Does, Jane Does and/or XYZ Corporations d/b/a MovieTube; and John Does, Jane Does and/or XYZ Corporations 2-100 (collectively, "Defaulting Defendants") alleging copyright and trademark infringement pursuant to 17 U.S.C. §§ 501 *et. seq.* (the "Copyright Act") and the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act"), alleging that Defaulting Defendants

were unlawfully reproducing, displaying, distributing and publicly performing copies (or portions thereof) of copyrighted works in which a Plaintiff (including its parents, subsidiaries, or affiliates) owns or controls an exclusive right under Section 106 of the United States Copyright Act (17 U.S.C. § 106), or under state or common law ("Plaintiffs' Copyrights"); and through infringement of Plaintiffs' trademarks ("Plaintiffs' Trademarks") that are owned and/or controlled by Plaintiffs and/or their affiliates;

Said Defaulting Defendants having each been properly served with the Complaint, Summons, Motion for Preliminary Injunction and supporting papers;

None of the Defaulting Defendants having appeared, filed a response to Plaintiffs' moving papers, answered the Complaint or otherwise pleaded or defended in this action;

The Clerk of Court having entered a default against Defaulting Defendants on August 20, 2015;

Plaintiffs having moved for final default judgment under Fed. R. Civ. P. 55(b) on November 12, 2015 by Order to Show Cause for a Default Judgment and Permanent Injunction Order;

Plaintiffs having served on Defaulting Defendants the Order to Show Cause for a Default Judgment and papers in support of their application on November 13, 2015;

Defaulting Defendants having failed to respond to the application for Default or otherwise appear;

Plaintiffs having shown through all papers and proceedings to date, *inter alia*, the following:

1. The Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b); and 15 U.S.C. §§ 1116 and 1121; and personal jurisdiction is proper

over Defaulting Defendants pursuant to New York C.P.L.R. §§ 302(a)(1), (a)(3)(i) and/or (a)(3)(ii).

2. Plaintiffs own or control the valid copyrights for thousands of popular motion pictures and/or television programs ("Plaintiffs' Works") and/or own and/or are the exclusive licensees with the right (among other rights) to reproduce, display, publicly perform, distribute and exploit Plaintiffs' Works in the United States through any means, including through the Internet.

3. Plaintiffs own all right, title and interest in and to Plaintiffs' Trademarks, each of which are valid and protectable and entitled to protection.

4. Defaulting Defendants, through websites resolving at the domain names listed in **Exhibit A** hereto (collectively, the "MovieTube Websites"), have infringed Plaintiffs' exclusive rights to reproduce, distribute, publicly perform, and display Plaintiffs' Works—including those newly released and still "in cinema"—by: streaming unauthorized copies ("Infringing Copies") of Plaintiffs' Works; allowing users, in some instances, to download Infringing Copies; and marketing the Infringing Copies by displaying for each Infringing Copy of a television program or motion picture, its title, principal cast and director, plot synopsis, IMDB rating, promotional posters or "key art," and/or a playable preview video.

5. With respect to Plaintiffs' copyright infringement claims, Plaintiffs have shown that Defaulting Defendants have the right and ability to control the infringing conduct relating to the Infringing Copies of Plaintiffs' Works through the MovieTube Websites, derived a direct financial benefit from the infringing conduct; and/or Defaulting Defendants have knowledge of the infringing conduct and materially contributed to such conduct.

over Defaulting Defendants pursuant to New York C.P.L.R. §§ 302(a)(1), (a)(3)(i) and/or (a)(3)(ii).

2. Plaintiffs own or control the valid copyrights for thousands of popular motion pictures and/or television programs ("Plaintiffs' Works") and/or own and/or are the exclusive licensees with the right (among other rights) to reproduce, display, publicly perform, distribute and exploit Plaintiffs' Works in the United States through any means, including through the Internet.

3. Plaintiffs own all right, title and interest in and to Plaintiffs' Trademarks, each of which are valid and protectable and entitled to protection.

4. Defaulting Defendants, through websites resolving at the domain names listed in **Exhibit A** hereto (collectively, the "MovieTube Websites"), have infringed Plaintiffs' exclusive rights to reproduce, distribute, publicly perform, and display Plaintiffs' Works—including those newly released and still "in cinema"—by: streaming unauthorized copies ("Infringing Copies") of Plaintiffs' Works; allowing users, in some instances, to download Infringing Copies; and marketing the Infringing Copies by displaying for each Infringing Copy of a television program or motion picture, its title, principal cast and director, plot synopsis, IMDB rating, promotional posters or "key art," and/or a playable preview video.

5. With respect to Plaintiffs' copyright infringement claims, Plaintiffs have shown that Defaulting Defendants have the right and ability to control the infringing conduct relating to the Infringing Copies of Plaintiffs' Works through the MovieTube Websites, derived a direct financial benefit from the infringing conduct; and/or Defaulting Defendants have knowledge of the infringing conduct and materially contributed to such conduct.

6.      With respect to Plaintiffs' trademark claims, Plaintiffs have shown that: (a) Plaintiffs did not consent to Defaulting Defendants' use of Plaintiffs' Trademarks; (b) Defaulting Defendants unlawfully distributed and/or marketed the Infringing Copies utilizing in part exact infringing copies of Plaintiffs' Trademarks through content on the MovieTube Websites at the domain names listed in **Exhibit A** hereto; and (c) Defaulting Defendants' use of infringing copies of Plaintiffs' Trademarks is likely to cause confusion.

7.      Defaulting Defendants have openly admitted that their actions constituted "piracy" and fill a demand for copyright infringing content, stating:

> . . . many users in US asked me whether it is legal to watch movies on our site. Since many movies we linked are pirated movies, we understand you may have this concern. . . . Our website linked those movies, so have partial responsibility called 'Copyright Infringement' according US law. ***Luckily we are not a US company so we do not need to respect US laws.*** (emphasis added)

8.      Defaulting Defendants' infringing conduct results in irreparable injury to Plaintiffs.

9.      Defaulting Defendants have gone to great lengths to conceal themselves from Plaintiffs' and this Court's detection, including by using multiple false identities and addresses associated with their operations and purposely-deceptive contact information for the Infringing Websites; and failing to appear in this Action.

10.     Defaulting Defendants' failure to appear or otherwise defend or participate in this action gives the Court no assurance that Defaulting Defendants' infringing activity will cease. Defaulting Defendants have for the time being ceased providing any content through the MovieTube Websites, but they continue to own the domain names of the MovieTube Websites, thus amply possessing the means to quickly reestablish their infringing enterprise. Evidence indicates that Defaulting Defendants have considered reconstituting the illegal activity, suggesting they may infringe in the future. Defaulting Defendants' past behavior and on-going

ability to infringe Plaintiffs' copyrights and trademarks constitute a continued threat of future infringing activity.

11. Defaulting Defendants have built up considerable goodwill in their entirely infringing enterprise through use of the MovieTube Websites, the MOVIETUBE brand, and the domain names of the MovieTube Websites, most of which contain the MOVIETUBE brand and which link to one another. Plaintiffs have presented evidence that Defaulting Defendants promoted their MovieTube Websites through social media accounts that had many engaged followers. Plaintiffs have presented evidence that Defendants' entirely infringing enterprise has been enormously lucrative, including that the MovieTube Websites attracted 61 million visits in one month from the United States alone, and that Defaulting Defendants displayed digital advertisements on the MovieTube Websites, from which Defaulting Defendants apparently obtained revenue.

12. In considering the injunctive relief provided for below, the balance of equities is in Plaintiffs' favor. The Court is not aware of any legitimate interest of Defaulting Defendants that would be damaged by Plaintiffs' requested injunctive relief.

13. The injunctive relief provided for below is in the public interest because it will effectuate the policy and purpose of the Copyright Act and the Lanham Act to protect intellectual property rights and to incentivize the creation of copyrightable works.

14. To the best of Plaintiffs' knowledge, Defaulting Defendants are not infants, incompetent, or in the military service of the United States.

THE COURT HEREBY FINDS that each Defaulting Defendant is liable for copyright infringement under 17 U.S.C. §§ 106(1) (3-5) and 501, and federal trademark counterfeiting and infringement under 15 U.S.C. §§ 1114, 1117, unfair competition and false designation of origin

under 15 U.S.C. § 1125(a), and this Default Judgment and Permanent Injunction Order ("Permanent Injunction") is entered against each Defaulting Defendant.

THEREFORE, IT IS HEREBY ORDERED that Defaulting Defendants, including their agents, servants, employees, confederates, and any persons in concert or participation with them having actual knowledge of this Default Judgment and Permanent Injunction Order by service, actual notice or otherwise, be, and are, hereby permanently enjoined and restrained from:

    a. Hosting, linking to, distributing, reproducing, copying, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or otherwise exploiting or making any use of any of Plaintiffs' Works or any portion(s) thereof in any form;

    b. Taking any action that directly or indirectly enables, facilitates, permits, assists, solicits, encourages or induces any user or other third party (i) to copy, host, index, reproduce, download, stream, exhibit distribute, communicate to the public, upload, link to, transmit, publicly perform, display or otherwise use or exploit in any manner any of Plaintiffs' Works or portion(s) thereof; or (ii) to make available any of Plaintiffs' Works for copying, hosting, indexing, reproducing, downloading, streaming, exhibiting, distributing, communicating to the public, uploading, linking to, transmitting, publicly performing or displaying, or for any other use or means of exploitation;

    c. Using Plaintiffs' Marks or any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Marks in connection with the distribution or advertising of any unauthorized copies of Plaintiffs' Works;

    d. Committing any acts calculated to cause users to believe that the Infringing Copies are authorized copies distributed, sponsored by, approved by, connected with, guaranteed by, or distributed under the control and/or supervision of Plaintiffs;

    e. Otherwise infringing Plaintiffs' Works, Plaintiffs' Marks, and/or damaging Plaintiffs' goodwill;

    f. Transferring or performing any function that results in the transfer of the registration of the domain names of the MovieTube Websites to any other registrant or registrar; and

    g. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a)-(f).

IT IS FURTHER ORDERED, that Defaulting Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiffs a written report under oath setting forth in detail the manner in which Defaulting Defendants have complied with the Permanent Injunction.

IT IS FURTHER ORDERED that, in accordance with 17 U.S.C. § 502(a), 15 U.S.C. § 1116(a), Rule 65 and this Court's inherent equitable powers, Defaulting Defendants and their officers, servants, employees, agents and any persons who are—or on notice and upon continued provision of services would be—in active concert or participation with them, including but not limited to domain name registries, including but not limited to VeriSign, Inc., NeuStar, Inc., Afilias Limited, and Public Interest Registry, and/or the individual registrars holding or listing one or more of the domain names of the MovieTube Websites, shall transfer the domain names of the MovieTube Websites to Plaintiffs' ownership and control, including, *inter alia*, by changing the registrar of record to the registrar of Plaintiffs' choosing, unless Plaintiffs request that such domain names be held and/or released rather than transferred.

IT IS FURTHER ORDERED that pursuant to 17 U.S.C. § 504(c)(2), Plaintiffs are awarded statutory damages for willful copyright infringement of $75,000 per identified infringed work, in the amount of $10,500,000, for which Defaulting Defendants are jointly and severally liable.

IT IS FURTHER ORDERED that Plaintiffs may continue to obtain discovery by providing actual notice, pursuant to subpoena or otherwise, of this Default Judgment and Permanent Injunction Order to any of: Defaulting Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them; and third-

party vendors providing services to Defaulting Defendants in connection with the MovieTube Websites.

IT IS FINALLY ORDERED that this Court shall retain jurisdiction over the parties and the subject matter of this litigation for the purpose of interpretation and enforcement of this Default Judgment and Permanent Injunction Order.

SIGNED this 17th day of November 2015.

*Paul Crotty*

JUDGE OF THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK